**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 17-0533**  (BOR Appeal No. 2051737)
　　　　　　　　　　(Claim No. 2015032606)

**HOWARD STEFFIK,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Murray American Energy, Inc., by Denise D. Pentino and Aimee M. Stern its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Howard Steffik, by M. Jane Glauser his attorney, filed a timely response.

The issue on appeal is whether the left hand should be added as a compensable component of the claim, payment for medical treatment, and temporary total disability benefits. On February 15, 2016, the claims administrator denied a request for hand therapy and for an orthopedic evaluation with a hand specialist. On March 28, 2016, the claims administrator closed the claim for temporary total disability benefits. On April 6, 2016, the claims administrator denied a request to add post-operative left hand edema as a compensable condition. On April 19, 2016, the claims administrator denied a request for hand therapy. On April 20, 2016, the claims administrator denied a request to add intrinsic muscle tightness in the left hand along with capsular tightness as compensable conditions. On April 22, 2016, the claims administrator denied a request to reopen the claim for temporary total disability benefits. The Office of Judges reversed the claims administrator's decisions in its December 7, 2016, Order, with the exception of the April 22, 2016, decision, which was found moot based on its reversal of the March 28, 2016, decision.  The Order was affirmed by the Board of Review on May 19, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Steffik, a rock duster, was injured on June 6, 2015, while working for Murray American Energy, Inc., when a three inch hose he was using to clear rock dust exploded, striking him multiple times. He was treated in the emergency room at Wheeling Hospital where he was diagnosed with acute bilateral corneal foreign bodies, acute left corneal abrasion, acute facial contusion, and acute left shoulder contusion.

Mr. Steffik was able to return to work, but due to increased pain and discomfort in his left shoulder he was treated by Corporate Health on June 16, 2015. On examination, Ross Tennant, FNP, noted Mr. Steffik had difficulty performing over hand movement although he had full range of motion of the left shoulder. Mr. Tennant also noted subjective complaints of discomfort with any flexion and abduction and recommended a left shoulder MRI. The MRI revealed a full thickness tear of the distal supraspinatus tendon, mild degenerative changes of the glenohumeral joint, and a tear of the posterior and inferior labrum. Mr. Steffik was referred to Dante Marra, M.D, an orthopedic surgeon, who had treated him previously. Dr. Marra diagnosed left shoulder rotator cuff tear, impingement syndrome, and acromioclavicular degenerative joint disease and recommended a left shoulder arthroscopy. Dr. Marra performed surgery on July 30, 2015.

Mr. Steffik returned to see Dr. Marra for his first post-operative visit on July 30, 2015, when it was noted that he was doing well. Dr. Marra recommended he continue to limit his activities and admonished him to wear his sling and avoid any use of the left upper extremity. On August 17, 2015, Dr. Milton saw Mr. Steffik. Dr. Milton noted Mr. Steffik was not wearing the prescribed sling and block but was wearing a simple sling. Mr. Steffik told Dr. Milton he had been non-compliant and had worsening discomfort when not wearing the prescribed sling. On September 15, 2015, Mr. Steffik complained to Dr. Milton about shoulder discomfort and swelling in his left hand. Dr. Milton noted little or no edema, with no redness to the skin, and no suggestion of a vascular abnormality. He recommended icing the shoulder and starting the physical therapy.

Mr. Steffik continued to treat with Dr. Milton for both his left shoulder and his left hand. A January 21, 2016, x-ray of the left hand revealed degenerative arthritic changes to the distal interphalangeal joints on the second, third, fourth, and fifth phalanges. On January 22, 2016, Dr. Milton requested authorization for hand therapy and for an orthopedic evaluation with a hand therapist.

Joseph Grady, M.D., performed an independent medical evaluation on Mr. Steffik on February 4, 2016, for the compensable conditions of non-traumatic rupture of long head of biceps tendon, complete rotator cuff tear, other affections of shoulder region, and contusion of the shoulder region. Mr. Steffik reported pain, stiffness, and edema of the left hand. Dr. Grady diagnosed status post left shoulder arthroscopic subacromial decompression, distal clavicular resection, rotator cuff repair, open biceps tenodesis, and resolved left upper extremity contusions. He found Mr. Steffik had reached maximum medical improvement in relation to the left shoulder. But in his opinion the diagnosis of the left hand is not entirely clear. He believed it would be appropriate for Mr. Steffik to see a hand specialist for a more definitive workup regarding the left hand condition and to provide direction for treatment.

2

On February 15, 2016, the claims administrator denied Dr. Milton's request for hand therapy and for an orthopedic evaluation with a hand specialist because the hand was not a compensable diagnosis in the claim. On February 16, 2016, the claims administrator suspended temporary total disability benefits based on Dr. Grady's opinion that Mr. Steffik had reached maximum medical improvement from the injury.

On March 22, 2016, Greg Wood, D.O., Mr. Steffik's family physician, saw him for complaints of left hand numbness and weakness. Dr. Wood diagnosed carpal tunnel syndrome. That same day, Dr. Milton completed a diagnosis update that requested the diagnosis be updated to include post-operative left hand edema. The claims administrator closed the claim for temporary total disability benefits on March 28, 2016, because no evidence had been received to substantiate the continuation of the benefits.

On April 6, 2016, the claims administrator acknowledged Dr. Milton's request to include post-operative left hand edema as a compensable diagnosis. The claims administrator did not specifically authorize or deny the request, but noted the February 15, 2016, denial of authorization of Dr. Milton's previous request for treatment and that the claim was in litigation on that issue.

Following her examination of Mr. Steffik on April 12, 2016, Andrea Lese, M.D., requested the diagnosis be updated to include left hand intrinsic muscle tightness along with capsular tightness. In her opinion, Mr. Steffik developed intrinsic muscle and capsular tightness of the left hand when his left upper extremity was immobilized for eight weeks following his shoulder surgery. On April 14, 2016, Dr. Milton requested authorization for hand therapy. On April 18, 2016, Mr. Steffik's attorney requested the claim be updated to include the compensable diagnosis of contracture of the muscle and requested the claim be reopened for payment of temporary total disability benefits. Dr. Milton completed the attending physician's statement of disability indicating Mr. Steffik would be unable to return to work until June 1, 2016.

The claims administrator acknowledged Dr. Milton's treatment request on April 19, 2016. The claims administrator did not specifically authorize or deny the request, but noted the February 15, 2016, denial of authorization for hand therapy and noted the claim was in litigation on that issue. On April 20, 2016, the claim administrator acknowledged Dr. Lese's diagnosis update request. Once again, the claims administrator did not specifically authorize or deny the request, but noted the February 15, 2016, denial of authorization for treatment and noted the claim was in litigation on that issue. Then on April 22, 2016, the claims administrator denied Mr. Steffik's request to reopen the claim for payment of temporary total disability benefits because the left hand was not a compensable diagnosis in the claim.

Kim Stearns, M.D., performed a file review on May 16, 2016. Dr. Stearns agreed Mr. Steffik had intrinsic muscle tightness and capsular tightness of the left hand. But he was unable to relate the diagnosis to the injury because the condition did not develop until six months after the injury and because Mr. Steffik's left upper extremity had not been immobilized as noted by

Dr. Lese. Dr. Stearns also opined that the request for the hand evaluation and therapy was for a condition not related to the injury.

On December 7, 2016, the Office of Judges reversed all of the decisions of the claims administrator. It noted that Mr. Steffik relied on the medical opinions of Drs. Marra, Milton, Lese, and Grady in his request to reverse the decisions of the claims administrator, while Murray American Energy, Inc., argues that the opinions of these physicians should be discounted, in part, because of Mr. Steffik's non-compliance with the their orders by failing to wear his sling as recommended. However, the Office of Judges found there was no record of any problems with Mr. Steffik's left hand prior to his work injury. His non-compliance in wearing the sling did not invalidate the opinions of the physicians that the left hand condition was work-related. All of the physicians that treated or evaluated Mr. Steffik agreed that the left hand condition was work-related. The Office of Judges found these physicians were in a better position to express an opinion regarding the work-relatedness of the condition than a physician who had never examined Mt. Steffik. The Office of Judges also found that Dr. Milton's medical records showed he noted that Mr. Steffik had slight swelling of the left hand on September 17, 2015. Moreover, Dr. Wood's diagnosis of carpal tunnel syndrome and the opinion of Dr. Steans were outweighed by Dr. Lese's opinion, as she was a hand specialist. The Office of Judges found that a preponderance of the evidence demonstrated that left hand edema and intrinsic muscle tightness of the left hand along with capsular tightness were compensable conditions. It also determined that a preponderance of the evidence demonstrated that hand therapy and an orthopedic evaluation with a hand therapist were medically related and reasonably necessary to treat the subject injury.

The Office of Judges next addressed the issue of temporary total disability benefits. It found that the initial closure on March 28, 2016, based upon Dr. Grady's opinion was premature due to the addition of the compensable components. Therefore, it found that Mr. Steffik's temporary total disability benefits should be reinstated and benefits paid as substantiated by proper medical evidence.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 19, 2017. After review, we agree with the Office of Judges as affirmed by the Board of Review. Mr. Steffik sustained an injury that led to the need for arthroscopic surgery of the left shoulder. The surgery was performed approximately six weeks after the injury. Mr. Steffik began to experience left hand swelling about six weeks after the surgery. The treating physician's repeated requests for a referral to a hand specialist were not without merit. Dr. Grady, Murray American Energy, Inc.'s evaluating physician, agreed with Dr. Milton. Murray American Energy, Inc., did not develop evidence to refute the medical opinions until May 16, 2016, well after Mr. Steffik's last request was denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

4

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker